UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL CIPRIANI,

                              Plaintiff,                  9:06-CV-0889
                                                                      (LEK/DRH)

      v.

HARRY C. BUFFARDI, Sheriff;
SCHENECTADY COUNTY; MR. BURNS;
MR. JONES; MR. ADAMS; MS. JONES;
MS. HULL; JOHN DOE #1; JOHN DOE #7;
JOHN DOE #10; LORAINE WALKER,

                              Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| PAUL CIPRIANI<br>Plaintiff, *pro se* | |
| BURKE SCOLAMIERO MORTATI LAW FIRM<br>Attorney for Schenectady County | PETER M. SCOLAMIERO, ESQ. |
| GOLDBERG, SEGALLA LAW FIRM<br>Attorney for Buffardi, Burns, Jones, Jones,<br>Adams and Hull | JONATHAN M. BERNSTEIN, ESQ. |

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## MEMORANDUM-DECISION AND ORDER

*Pro se* Plaintiff Paul Cipriani commenced this civil rights action in July, 2006. By his amended Complaint, Plaintiff asserts claims arising out of his confinement at the Schenectady County Jail. In addition to Schenectady County, Plaintiff names Schenectady County Sheriff Harry C. Buffardi and six jail employees as Defendants. Dkt. No. 10.[1]

---

[1] An answer to the amended complaint was filed on behalf of Schenectady County on April 26, 2007. Dkt. No. 16.

Service of process was effected by the U.S. Marshals Service on Sergeant Adams, Captain Burns, Corrections Officer Hull, Sergeant Jones, and Lieutenant Jones in April 2007. Dkt. Nos. 17-21.[2]

On July 25, 2007, there having been no responsive pleading filed on behalf of Defendants Adams, Burns, Hull, Jones, and Jones, the Clerk of the Court, at Plaintiff's request, entered their default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. No. 36.

On August 13, 2007, there having been no responsive pleading or motion to vacate the entry of default filed on behalf of the individual Defendants, Plaintiff filed a Motion for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. No. 44.

An Answer to the Complaint was filed on behalf of Defendants Adams, Burns, Hull, Jones, and Jones on October 9, 2007. Dkt. No. 56. These Defendants have also filed papers in opposition to Plaintiff's Motion and in support of their Cross-Motion to vacate the Clerk's entry of default. Dkt. No. 65.

It is well-settled in the Second Circuit that defaults are not favored, and that there is a strong preference for resolving disputes on their merits. See Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995); Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983). "'[D]ismissal is a harsh remedy to be utilized only in extreme circumstances.'" Brien, supra, 71 F.3d at 1077 (*quoting* Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)). Indeed, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause,

---

[2] Summonses for Sheriff Buffardi and Nurse Walker were returned unexecuted. Dkt. Nos. 22, 25, 48. Defendant Buffardi has since appeared through counsel and an answer has been filed on his behalf. Dkt. Nos. 52, 54, 56.

and it may set aside a default judgment under Rule 60(b)."[3]

The individual Defendants urge this Court to vacate the entry of default against them and to deny Plaintiff's Motion for default judgment. Defendants claim that their default was not willful, and that Plaintiff has not been prejudiced by the delay occasioned thereby. Dkt. No. 65. The individual Defendants have submitted affidavits in which they state that upon receipt of the summons and Complaint in this action, they forwarded the papers to the County Attorneys Office, "as is the normal practice when an employee of the County of Schenectady is sued for matters that are employment related." Dkt. No. 65-4 at 1 (Affidavit of Sgt. William P. Adams, Jr.) ; Dkt. No. 65-6 at 1 (Affidavit of Capt. Robert Burns); Dkt. No. 65-8 at 1 (Affidavit of Tanya Hull); Dkt. No. 65-9 at 1 (Affidavit of Sgt. Sherri Jones); Dkt. No. 65- 10 at 1 (Affidavit of Lt. Andrew Jones). Defendants state that they had no intention of disregarding their obligations in this action but, rather, acted promptly to insure that a proper defense was mounted on their behalf. Id.

Defendants have also submitted an affidavit from Patrick Cummings, Esq., Assistant County Attorney for Schenectady County. Dkt. No. 65-11. According to Mr. Cummings, through no fault of the individual Defendants, their representation in this action was delayed due to confusion on the part of the County's insurance agent regarding the assignment of coverage for this action and, hence, legal representation for the Defendants.[4]

Defendants also argue that Plaintiff has not been materially prejudiced by the delay

---

[3] Rule 60(b) provides, *inter alia*, that in the case of "mistake, inadvertence, surprise, or excusable neglect," a court may relieve a party from a final judgment, order or proceeding. FED. R. CIV. P. 60(b).

[4] As noted, Schenectady County appeared through counsel in April, 2007. Dkt. No. 16.

occasioned by their default, and that it is therefore appropriate for this Court to vacate the entry of default and deny Plaintiff's Motion for default judgment. See Mem. of Law (Dkt. No. 65, Attach.13) at 6-7. Lastly, Defendants urge this Court to vacate the entry of default because they have meritorious defenses to Plaintiff's claims which should be presented to the trier of fact. Id. at 7-10.

Upon review, the Court finds that the default by the individual Defendants was not willful. As to the issue of prejudice, the Court agrees that Plaintiff has not been materially prejudiced by the delay. In addition, Defendants have established that meritorious defenses exist to Plaintiff's claims. Accordingly, and in light of the strong preference in this Circuit for the resolution of disputes on their merits, the entry of default is vacated and Plaintiff's motion for a default judgment is denied.

Also pending before this Court is a motion from Plaintiff to compel discovery. Dkt. No. 50. By that motion, Plaintiff seeks an Order of this Court directing Defendant Burns to respond to a set of interrogatories served on July 24, 2007. Id.[5]

By affidavit filed December13, 2007, counsel advised that Defendant Burns' responses to Plaintiff's discovery requests were served on November 30, 2007. Dkt. No. 75 at 2.

Accordingly, Plaintiff's Motion to compel discovery (Dkt. No. 50) is moot.

Plaintiff has also requested the Court's assistance in effecting service of process on Sheriff Buffardi. Dkt. No. 72. In this case, where Plaintiff has been authorized by the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the U.S. Marshal was appointed to

---

[5] The interrogatories are attached as an exhibit in support of Plaintiff's motion. Dkt. No. 50 at 5-13.

effect service of process on his behalf.  See Fed. R. Civ. Pro. 4(c)(2) (Marshal must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*)); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases.").  The Marshal is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, must make multiple attempts at service.  See Armstrong v. Sears, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge request for waiver under Rule 4(d), Marshal must effect personal service under Rule 4(e)); accord Hurlburt v. Zaunbrecher, 169 F.R.D. 258, 259 (N.D.N.Y. 1996) (Smith, M.J.).  See also L.R. 5.1(h).

As noted, the U.S. Marshal made two attempts to serve the summons and Complaint on Sheriff Buffardi by mail addressed to him at the Schenectady County Correctional Facility.  Dkt. Nos. 25, 48.  The summonses were returned unexecuted because receipt of service was not acknowledged by Sheriff Buffardi.  Id.  There is no indication on the record that the summons and Complaint were not received by Sheriff Buffardi.

On October 9, 2007, counsel appeared for Sheriff Buffardi.  Dkt. Nos. 52, 54.  An answer to the Complaint was filed that same day on behalf of the individual Defendants, including Sheriff Buffardi.  Dkt. No. 56. That answer asserts twenty-three affirmative defenses, including the affirmative defense that "the Court lacks jurisdiction over the answering Defendants."  Dkt. No. 56 at 2 (Second Affirmative Defense on Behalf of the Answering Defendants).  As to Sheriff Buffardi, counsel takes the position that he has not been served with process.  Mem. of Law (Dkt.

No. 65, Attach. 13) at 3; Affidavit (Dkt. No. 75) at 1-2.[6]

On the present record, the Court declines to direct the U.S. Marshal to expend the time and resources required to effect personal service on Sheriff Buffardi.  Rather, the Marshal is directed to make a third attempt to serve the summons and complaint on Sheriff Buffardi by mail, at the address provided by Plaintiff.  The time for effecting service of process on this Defendant is hereby extended until February 15, 2008.  See FED.R.CIV.P. 4(m).  If service is not promptly acknowledged by Sheriff Buffardi, the Clerk shall return the file to the Court for further action.

---

[6] While Defendants' Answer generally asserts a lack of jurisdiction, it does not contain the affirmative defenses of insufficient process, or insufficient service of process. See FED.R.CIV.P. 12 (b)(4)-(5), 12(h).

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that the Clerk's entry of default against Defendants Adams, Burns, Hull, Jones, and Jones (Dkt. No. 36) is **VACATED**, and it is further

**ORDERED**, that Plaintiff's Motion for a default judgment against Defendants Adams, Burns, Hull, Jones, and Jones (Dkt. No. 44) is **DENIED**, and it is further

**ORDERED**, that Plaintiff's Motion to compel discovery responses from Defendant Burns (Dkt. No. 50) is **DENIED as moot**, and it is further

**ORDERED**, that the U.S. Marshal make a third attempt to serve the summons and complaint on Sheriff Buffardi by mail at the address provided by Plaintiff. The time for effecting service of process on this Defendant is hereby extended until February 15, 2008. If service is not promptly acknowledged by Sheriff Buffardi, the Clerk shall return the file to the Court for further action, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   January 04, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge