UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
PAUL CIPRIANI,

                              Plaintiff,                      9:06-CV-0889
                                                                     (LEK)(DRH)

      v.

HARRY C. BUFFARDI, Sheriff; SCHENECTADY COUNTY;
MR. BURNS; MR. JONES; MR. ADAMS; MS. JONES;
MS. HULL; *et al.*,

                              Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| PAUL CIPRIANI<br>Plaintiff, *pro se* | |
| BURKE SCOLAMIERO MORTATI LAW FIRM<br>Attorney for Schenectady County | PETER M. SCOLAMIERO, ESQ. |
| GOLDBERG, SEGALLA LAW FIRM<br>Attorney for Buffardi, Burns, Jones,<br>Jones, Adams and Hull | JONATHAN M. BERNSTEIN, ESQ. |

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

*Pro se* plaintiff Paul Cipriani commenced this civil rights action in July, 2006. By his amended complaint, plaintiff asserts claims arising out of his confinement at the Schenectady County Jail. In addition to Schenectady County, plaintiff names Schenectady County Sheriff Harry C. Buffardi and six jail employees as defendants. Dkt. No. 10.

Presently before this Court is plaintiff's second motion to compel discovery. Dkt. No. 79.[1] By his motion, plaintiff claims that defendants Jones, Buffardi, Adams, Jones,

---

[1] Plaintiff's first motion to compel was denied as moot, as it appeared that defendant Burns responded to the outstanding interrogatories after the motion was filed. Dkt. No. 77 at 4.

Hull and Schenectady County failed to timely respond to interrogatories and requests for production of documents. Plaintiff seeks an order of this Court directing discovery and awarding plaintiff sanctions.

In opposition to plaintiff's motion, defendants' counsel state that with the exception of Sheriff Buffardi, responses to the discovery requests by the other defendants were served on plaintiff subsequent to the filing of his motion to compel, and copies of the documents produced in response to those requests were also sent to plaintiff. Dkt. No. 83, 85.[2]

Plaintiff has not indicated to the Court that he believes that the responding defendants have failed to fully respond to his discovery requests or that the objections stated thereto are not legally sufficient. However, in light of plaintiff's pro se status, the Court has reviewed the responses and has determined that defendants substantially complied with plaintiff's discovery requests or stated valid objections thereto. Plaintiff's motion to compel discovery from defendants Jones, Adams, Jones, Hull and Schenectady County is therefore denied as moot.

Plaintiff's motion to compel also seeks a response to discovery from defendant Sheriff Buffardi. Dkt. No. 79. However, at the time the motion to compel was filed, this defendant had not been served with process. Accordingly, plaintiff's motion to compel discovery from Sheriff Buffardi is denied as premature.

---

[2] Defendants are reminded that discovery responses must be prepared in accordance with Rule 26.1 of the Local Rules of Practice of the Northern District, which provides in relevant part that: "In answering or objecting to interrogatories, requests for admission, or requests to produce or inspect, the responding party shall first state verbatim the propounded interrogatory or request and immediately thereafter the answer or objection."

Notwithstanding the foregoing, Sheriff Buffardi has now been served.  Dkt. No. 93.  Accordingly, defendant Buffardi shall respond to plaintiff's discovery request **no later than March 31, 2008.**

Plaintiff also seeks an award of monetary sanctions against the defendants for their failure to timely respond to his outstanding discovery requests.  Dkt. No. 79 at 4.

District courts have broad discretion to enforce discovery obligations and may impose sanctions on the disobedient party.  Fed.R.Civ. P. 37.  In this case, however, it does not appear that defendants' delay in responding to the discovery requests, while not condoned, is attributable to bad faith, nor does it appear that plaintiff was materially prejudiced thereby.  Plaintiff's request for an award of monetary sanctions is therefore denied.

WHEREFORE, based upon the foregoing, it is hereby

ORDERED, that plaintiff's motion to compel discovery and for sanctions (Dkt. No. 79) is denied, and it is further

ORDERED, that defendant Buffardi shall respond to plaintiff's outstanding discovery request **no later than March 31, 2008**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

Dated:  March 6, 2008

_David R. Homer_
United States Magistrate Judge