UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
PAUL CIPRIANI,

                              Plaintiff,              9:06-CV-0889
                                                     (LEK)(DRH)

             v.

HARRY C. BUFFARDI, Sheriff; SCHENECTADY COUNTY;
MR. BURNS; MR. JONES; MR. ADAMS; MS. JONES;
MS. HULL; *et al.*,

                              Defendants.

APPEARANCES:                              OF COUNSEL:

PAUL CIPRIANI
Plaintiff, *pro se*

BURKE SCOLAMIERO MORTATI LAW FIRM         PETER M. SCOLAMIERO, ESQ.
Attorney for Schenectady County

GOLDBERG, SEGALLA LAW FIRM                JONATHAN M. BERNSTEIN, ESQ.
Attorney for Buffardi, Burns, Jones,
Jones, Adams and Hull

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Paul Cipriani commenced this civil rights action in July, 2006.  By his

amended complaint, plaintiff asserts claims arising out of his confinement at the

Schenectady County Jail.  Dkt. No. 10.  In addition to Schenectady County, plaintiff

names Schenectady County Sheriff Harry C. Buffardi and six jail employees as

defendants.  *Id*.

Presently before this Court is plaintiff's third motion to compel discovery.  Dkt.

No. 95.[1]  A response in opposition was filed on behalf of the individual defendants.  Dkt.

_____

[1]  Plaintiff has also filed a motion seeking leave to amend the complaint to identify
the "John Doe" defendant named in the original complaint.  Dkt. No. 101.  Defendants'
response to that motion is due June 2, 2008.

No. 97.

## II.   Discussion

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain

discovery "regarding any matter, not privileged, that is relevant to the claim or defense

of any party."  Fed. R. Civ. P. 26 (b)(1).  While not unlimited, "relevance for the

purposes of discovery is 'an extremely broad concept.'"  *Melendez v. Greiner*, 2003 WL

22434101 * 1 (S.D.N.Y. 2003) (citations omitted).  Moreover, "actions alleging violations

of § 1983 require especially generous discovery."  *Cox v. McClellan*, 174 F.R.D. 32, 34

(W.D.N.Y. 1997) (Feldman, M.J.) (citing the late District Judge James T. Foley's

decision in *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 128 (N.D.N.Y. 1984)).

A party objecting to the disclosure of certain evidence bears the burden of

establishing "precisely why its objections are proper given the broad and liberal

construction of the discovery rules found in the Federal Rules of Civil Procedure."

*Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)

(Feldman, M.J.).  "General and conclusory objections as to relevance, overbreadth, or

burden are insufficient to exclude discovery of requested information."  *Melendez,*

*supra*, at *1.

Plaintiff served discovery requests on the individual defendants in July, 2007.  In

September, 2007, having received no response to his interrogatories from defendant

Burns, plaintiff filed a motion to compel.  Dkt. No. 50.  Defendant Burns responded to

the outstanding discovery requests in December, 2007 and urged the denial of

plaintiff's motion.  See Dkt. No. 75. By Order of this Court filed January 4, 2008,

plaintiff's motion to compel was denied as moot.  Dkt. No. 77.

Plaintiff filed a second motion to compel in January, 2008.  By that motion, plaintiff sought an order directing  defendants Jones, Buffardi, Adams, Jones, Hull and Schenectady County, to respond to interrogatories and requests for documents.  Dkt. No. 79.  Belated responses to the discovery requests were served by defendants, and this motion was also denied as moot.  Dkt. No. 94.[2]

By his present motion, plaintiff seeks a further response to one of eight discovery demands contained in his Second Set for Request for Production of Documents and Interrogatories.  Dkt. No 95.  Demand "2" sought production of log book entries from three locations in the Schenectady County Correctional Facility at various times during the period April, 2005 through February 12, 2006.  Defendants' response to this request stated as follows:

> In response to demands a-d, Defendants object as the demand is unduly burdensome and not calculated to lead to discoverable material.  Without waiving such objection, attached hereto as **Exhibit "B"** is the shift information and entries, relating to dates mentioned in plaintiff's Complaint.

Dkt. No. 97-2 at 2.  Exhibit B consists of thirteen pages of documents, eleven of which appear to contain information regarding staff assignments for four days in 2005, and two of which appear to be log book entries for April 6 and 7, 2005.  *Id*.  At least some of the log book entries for August 18, 2005 and June 26, 2005 were produced in response to the first discovery request.  See Dkt. No. 97-2 at 7-12.  Plaintiff seeks an order directing production of log book entries for the second floor dormitory for the months of

---

[2]  Because Sheriff Buffardi had not been served with process at the time plaintiff filed his motion, the motion was denied as premature.  Dkt. No. 94 at 2 n. 2.

April, June, July, August, and December, 2005; log book entries for July and August, 2005 from "floor 701"; and log book entries for the month of December, 2005 for the "E" Block of Schenectady County Correctional Facility.  Dkt. No. 95 at 1.  While the claims in this action arise out of incidents that occurred on specific dates during 2005, plaintiff states that the log books for dates other than the incident dates may contain information relevant to his claims.

In response to plaintiff's motion, defendants urge the Court to sustain their objections to production of the requested lob book entries.  Dkt. No. 97.  Defendants claim that the log books are "voluminous, and no valid reason exists for incurring the time and expense of having to copy and provide them to plaintiff."  Dkt. No. 97 at 3. Defendants also request that the Court require plaintiff to obtain Court approval before filing further motions "as, similar to plaintiff's previous motions, this motion is frivolous." *Id*.

Plaintiff filed a reply urging the Court to direct the requested production of documents.  Dkt. No. 100.  As to defendants' claim that the production is burdensome, plaintiff claims that inspection of the log books could have been accomplished easily at the time of his deposition by defendants' counsel on April 23, 2007.  Dkt. No. 100 at 3. Plaintiff also takes exception to counsel's characterization of his discovery as "a blunderbuss demand," and of his prior motions as "frivolous."  *Id*.

Based upon the Court's review of the entire file, and for the reasons stated herein, plaintiff's motion to compel is granted.  Defendants' general and conclusory objections to the requested production are patently insufficient.  Given the generous discovery afforded plaintiffs in § 1983 actions, and in light of defendants' failure to

4

provide meaningful support for their objections, they are overruled.  *See Melendez,*

*supra,* at *1.  Defendants shall make responsive documents available to plaintiff for

inspection and copying **within thirty (30) days** of the filing date of this Order.

The Court also denies defendants' request that plaintiff's motion practice be

curtailed.  Plaintiff's motion practice is attributable not to any apparent litigiousness on

his part but, rather, to defendants' repeated failures to comply with their obligations in

this action.[3]  Moreover, there has been no finding by this Court that plaintiff's prior

motions lacked merit.

WHEREFORE, based upon the foregoing, it is hereby

ORDERED, that plaintiff's motion to compel discovery (Dkt. No. 95) is **granted**,

and it is further

ORDERED, that defendants produce responsive documents to plaintiff for

inspection and copying (at plaintiff's expense) **within thirty (30) days** of the filing date

of this Order, and it is further

ORDERED, that defendants' request that plaintiff's motion practice be curtailed

(Dkt. No. 97) is **denied**, and it is further

---

[3]  Defendants' failures to timely comply with plaintiff's discovery requests is noted above.  In addition, although the individual defendants (other than Buffardi)  were served with process in April, 2007, they did not answer the complaint until October 9, 2007, approximately three months after the Clerk of the Court entered their default, and two months after plaintiff filed a motion for default judgment.  Dkt. No. 56.

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**

Dated:  May 29, 2008

_____

United States Magistrate Judge