UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL CIPRIANI,

                          Plaintiff,

                                                          9:06-CV-0889
v.                                                        (GTS/DRH)

SCHENECTADY COUNTY;
HARRY C. BUFFARDI, Warden;
MR. BURNS, Captain; MR. JONES, Lieutenant;
MR. ADAMS, Sergeant; MS. JONES, Sergeant;
MS. HULL, Correctional Officer;
MR. W. KENT, Correctional Officer;
MR. DIGIOACCHINO, Correctional Officer; and
MS. LORAINE WALKER, Registered Nurse;

                          Defendants.

_____

APPEARANCES:                          OF COUNSEL:

PAUL CIPRIANI, 06-A-0678
  Plaintiff, *Pro Se*
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307

GOLDBERG, SEGALLA LLP              JONATHAN M. BERNSTEIN, ESQ.
  Counsel for Defendants Buffardi   WILLIAM J. GREAGAN, ESQ.
Burns, Jones, Adams, Jones, Hull,
Walker, Kent and Digioacchino
8 Southwoods Blvd., Suite 300
Albany, New York 12211

BURKE SCOLAMIERO MORTATI HURD, LLP   PETER M. SCOLAMIERO, ESQ.
  Counsel for Defendant Schenectady County   GERALD D. D'AMELIA, ESQ.
9 Washington Square, Suite 201
Albany, New York 12212

HON. GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

Currently before the Court in this *pro se* prisoner civil rights action filed by Paul Cipriani ("Plaintiff") against Schenectady County and nine employees of its Correctional Facility ("Defendants") are (1) Defendants' motions for summary judgment (Dkt. Nos. 133, 140), and (2) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendants' motions be granted in their entirety and that Plaintiff's Second Amended Complaint be dismissed (Dkt. No. 159). Plaintiff did not submit any objections to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted, Defendants' motions are granted, and Plaintiff's Second Amended Complaint (Dkt. No. 126) is dismissed.

## I.    RELEVANT BACKGROUND

On September 2, 2008, after being granted permission by the Court, Plaintiff filed a Second Amended Complaint in this action, asserting claims against Schenectady County and nine employees of its Correctional Facility ("Schenectady County C.F."). (Dkt. No. 126.)

Construed with the utmost liberality, Plaintiff's Second Amended Complaint alleges civil rights violations under the First, Eighth, Ninth and Fourteenth Amendments. (Dkt. No. 126.) More specifically, Plaintiff alleges that Defendants (1) were deliberately indifferent to his serious medical needs for various injuries he sustained while at Schenectady County C.F., in violation of the Eighth Amendment, (2) failed to protect him from another inmate, in violation of the Fourteenth Amendment, (3) discussed his medical condition in the prison cafeteria, in violation of the Ninth and/or Fourteenth Amendments, (4) maintained an inadequate law library, in violation of the First Amendment, (5) failed to provide him with the necessary grievance forms and denied him his rights at a disciplinary hearing, in violation of the Fourteenth Amendment, (6) failed to provide humane living conditions, in violation of the Eighth and/or

Fourteenth Amendments, and (7) used excessive force against him, in violation of the Eighth Amendment right. (*Id*.)

On October 21, 2009, the individual Defendants filed a motion for summary judgment seeking dismissal of all claims, arguing that (1) Plaintiff failed to adduce admissible record evidence to establish his claims, (2) he failed to establish the individual Defendants' personal involvement in the constitutional violations alleged, (3) he failed to exhaust his available administrative remedies before filing suit, and (4) the individual Defendants are protected from liability by the doctrine of qualified immunity. (Dkt. No. 133.) On December 12, 2008, Defendant Schenectady County also filed a motion for summary judgment seeking dismissal of all claims on similar grounds: (1) Plaintiff failed to adduce admissible record evidence to establish his claims; (2) he failed to establish Defendant Schenectady County's requisite involvement in the constitutional violations alleged; (3) he failed to exhaust his available administrative remedies before filing suit; and (4) Defendant Schenectady County is protected from liability by the doctrine of qualified immunity. (Dkt. No. 140.)

On December 31, 2008, after being granted an extension of time by the Court, Plaintiff submitted a response to the individual Defendants' motion for summary judgment. (Dkt. No. 145.) In his response, he argues, *inter alia*, as follows: (1) he exhausted his available administrative remedies before filing suit because he gave his grievance form to Sergeant Purdy and was informed that it would be forwarded to the proper authority; (2) he was denied proper medical care on several occasions; (3) corrections officers used excessive force against him when handcuffing him; (4) he was denied a fair disciplinary hearing; and (5) he never received a copy of the inmate rules and regulations. (*Id*.)

On February 2, 2009, Plaintiff submitted a response to Defendant Schenectady County's motion for summary judgment. (Dkt. No. 154.) In this response, Plaintiff argues, *inter alia*, as

follows: (1) he exhausted his available administrative remedies before filing suit; (2) he made numerous requests for grievance forms that were never provided; (3) although the County was made aware of his complaints through an investigation, nothing was done to curb the behavior of the County's employees; (4) as a result, he suffered, and continues to suffer, serious pain; and (5) Defendant Schenectady County failed to provide him with a copy of their polices as requested. (Dkt. No. 154.)

On January 9, 2009, the individual Defendants submitted their reply to Plaintiff's response. (Dkt. No. 147.) Generally, the individual Defendants argue (1) that Plaintiff failed to exhaust his administrative remedies through the inmate grievance program and failed to properly appeal his grievance hearing in an Article 78 proceeding, (2) that Plaintiff has failed to present any factual basis for his constitutional claims, and (3) that prison medical records indicate that Plaintiff received necessary medical attention for any injuries he allegedly sustained. (Dkt. No. 147.)

On February 17, 2009, Defendant Schenectady County submitted its reply to Plaintiff's response. (Dkt. No. 155.) Generally, in its reply, Defendant Schenectady County argues that Plaintiff has failed to present any admissible record evidence that any of the individual Defendants were executing any official custom or policy of the County. (Dkt. No. 155.)

On January 27, 2009, Plaintiff filed a sur-reply to the individual Defendants' reply. (Dkt. No. 152.) In his sur-reply, in addition to repeating his previous arguments, Plaintiff argues as follows: (1) he tried to press charges against the inmate who assaulted him, but was unable to do so because his requests for grievances were denied; and (2) the policy of denying requests and/or shifting grievance requests to officers "to avoid producing a grievance" denied him of his right of access to the courts. (Dkt. No. 152.)

On February 25, 2009, Plaintiff filed a sur-reply to Defendant Schenectady County's reply. (Dkt. No. 157.) In this sur-reply, Plaintiff reiterates that he attempted to obtain a copy of

the "Policy and Procedures under the required Federal Law" from defense counsel through a

discovery request but was informed by counsel that his request was vague and burdensome.

(Dkt. No. 157.)

On August 12, 2009, Magistrate Judge Homer issued a Report-Recommendation

recommending that Defendants' motions be granted as to all claims and that the action be

dismissed as to Defendant Walker for failure to effect service pursuant to Rule 4(m).  (Dkt. No.

159.)  Plaintiff did not file any objections to the Report-Recommendation.[1]  Familiarity with the

grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and

Order.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Legal Standard Governing Motion for Summary Judgment

Magistrate Judge Homer correctly recited the legal standard governing a motion for

summary judgment, including the standard governing such motions that are not properly opposed

by *pro se* litigants.  (Dkt. No. 159, at 13 - 14.)  As a result, that standard is incorporated by

reference herein.

---

[1]    The Court notes that, on July 26, 2009, Plaintiff sent the Court a letter changing his address of record in this action from "Washington Correctional Facility, P.O. Box 180, 72 Lock 11 Lane, Comstock, NY 12821" to "1826 Campbell Avenue, Schenectady, NY."  (Dkt. No. 158.)  As a result, despite the Report-Recommendation's listing of Plaintiff address as Washington Correctional Facility, the Report-Recommendation was mailed to Plaintiff at 1826 Campbell Avenue in Schenectady on August 12, 2009.  (*See* Notice of Delivery by Mailing dated 8/12/09.)  The Court finds that the latter address was still valid on August 12, 2009, for three reasons: (1) the Report-Recommendation was not returned to the Court as undeliverable; (2) Plaintiff filed no change of address with the Court during the two weeks before or after August 12, 2009; and (3) a Receipt of Partial Filing Fee, referencing "Check/Money Order Num: 64317," was mailed to Plaintiff at that address on August 17, 2009, and was subsequently received by him there.  (*Compare* Notice of Delivery by Mailing dated 8/17/09 [indicating the Receipt was mailed to Plaintiff at 1826 Campbell Avenue on 8/17/09] *with* Dkt. No. 161 [Letter to Clerk referencing "Check/Money Order Num: 64317," and his outstanding "Balance Filing Fee"].)  As a result, the Court finds that it is of no significance fact that, on September 15, 2009, Plaintiff sent the Court a letter changing his address from 1826 Campbell Avenue to the Schenectady Count Jail, 320 Veeder Avenue, Schenectady, NY 12307.

## B.    Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2]

When only general objections are made to a magistrate judge's report-recommendation, the Court

reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*,

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

*aff'd without opinion*, 175 F.3d 1007 (2d Cir.1999).[3]  Similarly, when a party makes no objection

to a portion of a report-recommendation, the Court reviews that portion for clear error or

manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July

31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes:

1983 Addition [citations omitted].  After conducting the appropriate review, the Court may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge

---

[2]    On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Homer's Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous.  Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.  The Court would add only that the Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 159) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 133, 140) are **GRANTED** in their entirety; and it is further

**ORDERED** that Plaintiff's claims against Loraine Walker are **DISMISSED** without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m) and Local Rule 4.1(b) of the Local Rules of Practice for this Court; and it is further

**ORDERED** that the remainder Plaintiff's Second Amended Complaint (Dkt. No. 126) is **DISMISSED** with prejudice.

Dated: September 24, 2009
　　　　Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge